53 F.3d 347
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 John H. HENDERSON, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7014.
 United States Court of Appeals, Federal Circuit.
 April 17, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss John H. Henderson's appeal for lack of jurisdiction. In the alternative, the Secretary moves for a summary affirmance of the Court of Veterans Appeals' judgment dismissing Henderson's appeal for lack of jurisdiction. Henderson does not respond.
 
 
 2
 In June 1987, the regional office confirmed a 20% disability rating for service-connected residuals of a fracture of the right distal tibia and fibula (right ankle disability). Henderson filed a Notice of Disagreement (NOD) on April 25, 1988. An increased evaluation for the right ankle disability was denied, and Henderson submitted a second statement of disagreement on November 21, 1988. The Board of Veterans Appeals denied Henderson's claim in July 1989, but the Board vacated that decision in July 1991 because Henderson had not been afforded an opportunity for a hearing before the Board. On October 22, 1991, the Board of Veterans Appeals again denied Henderson's claim for an increased evaluation for the right ankle disability, but granted Henderson entitlement to service connection for callosities of the right great toe and entitlement to the extension of a period of temporary total convalescence. Henderson appealed the denial of entitlement to an increased rating for the right ankle disability to the Court of Veterans Appeals. The Court of Veterans Appeals dismissed Henderson's appeal for lack of jurisdiction because he had not filed a NOD on or after November 18, 1988. See 38 U.S.C. Sec. 7105 Note. Henderson appealed to this court.
 
 
 3
 This court stayed Henderson's appeal pending our decision in Hamilton v. Brown, nos. 93-7090, -7091. In Hamilton, we affirmed the Court of Veterans Appeals' holding that the veterans court does not have jurisdiction if the NOD that initiated Board review was filed before November 18, 1988. Hamilton v. Brown, 39 F.3d 1574 (Fed.Cir.1994). See 38 U.S.C. Sec. 7105 Note.
 
 
 4
 The Secretary argues that the Court of Veterans' Appeals decision that it had no jurisdiction over Henderson's appeal should be summarily affirmed based on our holding in Hamilton. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Hamilton. As in Hamilton, the Court of Veterans Appeals had no jurisdiction because the NOD that initiated Board review was filed before November 18, 1988.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The stay of proceedings is lifted.
 
 
 7
 (2) The Secretary's motion for summary affirmance is granted.
 
 
 8
 (3) The Secretary's alternative motions to waive the requirements of Fed.Cir.R. 27(e) and to dismiss John H. Henderson's appeal for lack of jurisdiction are denied.
 
 
 9
 (4) Each side shall bear its own costs.